### John Schwartzley v. Henry Carstens.

1. INSTRUCTIONS—*Party Can Not Complain of an Infirmity Where His Own Instructions Show the Same Fault.*—Where the party complaining of an instruction of his adversary, has induced the court to give an instruction containing the same vice of which he complains, such instruction will not be ground for a reversal of the judgment.

Appeal from the Circuit Court of Montgomery County; the Hon. WILLIAM M. FARMER, Judge presiding. Heard in this court at the

November term, 1902.   Affirmed.   Opinion filed April 30, 1903.   Rehearing denied.

LANE & COOPER and JETT & KINDER, attorneys for appellant.

AMOS MILLER and D. H. ZEPP, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This action was commenced before a justice of the peace by appellee against appellant for tearing down a fence alleged to be upon land in possession of appellee, and the case was appealed to the Circuit Court, where a jury trial resulted in a verdict and judgment against appellant for $7, and to reverse such judgment appellant brings this appeal, insisting the verdict is against the evidence, and the court improperly ruled upon the evidence, gave wrong instructions and refused proper instructions to the jury.

The parties owned adjoining lands, and in 1870, appellee desiring to put a fence upon the line between them, appellant objected. Appellee then planted a hedge, and, as he claimed, put it on his own land, three feet from the line, where it remained until August, 1901, when he destroyed it, and put in a post and wire fence upon the division line as he claimed it to be, and appellant claiming the land to the hedge line, took up the post and wire fence.

We think, in view of all the evidence, it sustains the verdict that was returned, and that appellee was in the possession and control of the land between the old hedge line and the line upon which the post and wire fence was built. The instructions substantially gave the jury the law applicable to the case, and all that was contained in the refused instructions proper to be given was included in those given to the jury by the court.

There was no prejudicial error in the court requiring, at the instance of appellee, to find the lawful possession of the premises, for the reason that appellant's instructions contained the same infirmity, if such it was. Where the party complaining of an instruction has induced the court to give

an instruction containing the same vice of which he complains in his adversary's instruction, such objection will not be held to reverse the judgment.    There was no prejudicial error in the rulings upon the evidence.

The judgment of the Circuit Court will be affirmed.